# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BRODZKI,<br><br>         Plaintiff,<br><br> vs.<br><br>UNITED STATES OF AMERICA,<br><br>         Defendant. | CASE NO. 11-CV-2650 JLS (WVG)<br><br>**ORDER SUA SPONTE DISMISSING COMPLAINT** |

  Plaintiff Anthony Brodzki filed a Complaint under 42 U.S.C. § 1983 against the United States of America along with a request to proceed *in forma pauperis* ("IFP") (Compl., ECF No. 1; IFP Mot., ECF No. 2.) He subsequently filed a "Motion for a tro" which the Court construed as a request for a temporary restraining order ("TRO"). (TRO Mot., ECF No. 4.) For the following reasons, the Court **DISMISSES** the Complaint, and consequently the motions to proceed IFP and for a TRO are **DENIED AS MOOT**.

  Notwithstanding IFP status, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and shall order the sua sponte dismissal of any case it finds "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122,1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an IFP complaint that fails to state a claim).

1          Before its amendment by the PLRA, former 28 U.S.C. § 1915(d) permitted sua sponte
2 dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1130. However, as
3 amended, 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to
4 the IFP provisions of § 1915 make and rule on its own motion to dismiss before directing the
5 U.S. Marshal to effect service pursuant to Federal Rule of Civil Procedure 4(c)(3). *See id.* at
6 1127; *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001).
7          "[W]hen determining whether a complaint states a claim, a court must accept as true all
8 allegations of material fact and must construe those facts in the light most favorable to the
9 plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Andrews v. King*, 398
10 F.3d 1113, 1121 (9th Cir. 2005); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)
11 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In
12 addition, the Court has a duty to liberally construe a pro se plaintiff's pleadings, *see*
13 *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), which is "particularly
14 important in civil rights cases," *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving
15 liberal interpretation to a pro se litigant's complaint, however, the court may not "supply essential
16 elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673
17 F.2d 266, 268 (9th Cir. 1982).
18          Here, Plaintiff sues under 42 U.S.C. § 1983, asserting violations of "civil rights 1, 2, 3, 5,
19 14 and other amendment rights including privacy violations, invasion of privacy, defamation of
20 character, slander." (Compl.) 42 U.S.C. § 1983 provides a cause of action for the "deprivation of
21 any rights, privileges, or immunities secured by the Constitution and laws" of the United States.
22 Section 1983 is not itself a source of substantive rights, but merely provides a method for
23 vindicating federal rights elsewhere conferred. *See Graham v. Connor*, 490 U.S. 386, 393-94
24 (1989). To state a claim under 42 U.S.C. § 1983, Plaintiff must allege that: (1) that conduct he
25 complains of violated a right secured by the Constitution and laws of the United States; and (2) the
26 conduct he complains of was committed by a person acting under color of state law. *Humphries v.*
27 *County of Los Angeles*, 554 F.3d 1170, 1184 (9th Cir. 2009) (citing *West v. Atkins*, 487 U.S. 42, 48
28 (1988)).

1    Plaintiff states that the United States of America is "treating me like a subversive," has
2 "forced me to sell my condo," and "kept me from living in many locations including this one."
3 (Compl.)  The government has allegedly violated Plaintiff's privacy by invading his "thinking
4 process by setting up a communications system that broadcasts thoughts to the nation."  Plaintiff
5 alleges he has been labeled as a communist and has "been hurt by feds and police manner times
6 (sic) since April of 2007."  Finally, he states he was "raped by alleged federal employees from 7-9
7 years old" as a "form of polluted retaliation."  From these allegations alone, the Court must find
8 Plaintiff's Complaint fails to assert a cognizable legal theory that would entitle him to relief under
9 Section 1983.  The cursory and nonsensical nature of Plaintiff's claims render it impossible for the
10 Court to reasonably infer what conduct alleged deprived Plaintiff of what right, privilege, or
11 immunity protected by the Constitution.  Further, there is no indication at all that the conduct he
12 complains of was committed by a person or persons acting under color of state law.

13   Additionally, Plaintiff's Complaint is properly dismissed as frivolous.  This is the third
14 such Complaint Plaintiff has filed in this Court against the federal government vaguely alleging
15 civil rights violations that amount to indecipherable conspiracy theories.  *See Brodzki v. United*
16 *States of America*, Case No. 11-CV-1414-JAH-JMA (S.D. Cal. June 28, 2011); *Brodzki v. Dept. of*
17 *Defense*, Case No. 10-CV-2212-BEN-POR (S.D. Cal. Oct. 25, 2010).  Both prior Complaints are
18 indistinguishable from this one in form and substance and were both dismissed without prejudice
19 and with leave to amend.  Thus, if Plaintiff seeks to clarify his allegations against the United States
20 of America in order to enable a cognizable claim for relief to be deciphered, he could have done
21 so in one of those previously-filed actions.  Regardless, he has not done so here.

22                                              **CONCLUSION**

23   For the foregoing reasons, Plaintiff's Complaint is **DISMISSED**.  Accordingly, the motion
24 to proceed IFP and motion for a TRO are **DENIED AS MOOT**.

25   **IT IS SO ORDERED**.

26 DATED:  May 8, 2012

27                                           _____
                                              Honorable Janis L. Sammartino
28                                            United States District Judge